RENDERED:  JULY 18, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0121-ME

DAMON RAY BAILEY                                                    APPELLANT

v.                  APPEAL FROM SHELBY CIRCUIT COURT
                    HONORABLE S. MARIE HELLARD, JUDGE
                    ACTION NO. 24-D-00067-001

SOMMER ANN VARIE                                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, L. JONES, AND TAYLOR, JUDGES.

COMBS, JUDGE:  Appellant, Damon Ray Bailey (Damon), appeals from a

domestic violence order (DVO) entered against him by the Shelby Family Court.

After our review, we affirm.

On June 10, 2024, the Appellee, Sommer Ann Varie (Sommer), filed

a petition/motion for order of protection against Damon on behalf of herself and

their two minor children.  Sommer alleged that on June 8th, an officer came to her

door and said that a police report had been made by Damon's father on June 6th that Damon was going to kill Sommer and her mother. Sommer further alleged that she had had a previous DVO in Kenton County, but it had expired on May 25th due to miscommunication about how she was supposed to get the case transferred to Shelby County.

Sommer stated that Damon had followed her home after a supervised visit with the children at Butterfly House on March 22nd; that he had taken a picture of her car outside of her house; and he had sent it to her phone as well as harassing her over the phone. Sommer stated that she sought the previous DVO due to Damon's putting his hands on her, harassing her, and destroying her vehicles. According to the petition, a lady at the Butterfly House related that Damon had been agitated at the last visit and that Sommer did not feel it was safe for him to have contact with the children.

The matter was set for hearing on June 26, 2024. Damon's counsel, C. Ed Massey, Esq., confirmed that he could attend by Zoom, but he was unable to connect to the hearing. The hearing proceeded without counsel, and the court entered a DVO against Damon. On July 3, 2024, Mr. Massey filed a Motion to Alter, Amend, or Vacate; requested that the DVO be vacated; and asked that the matter be set for hearing so that Damon could "exercise his Constitutional Right to an attorney and be permitted to call witnesses on his behalf."

On July 17, 2024, the family court entered an Order granting a new hearing, having found that Mr. Massey's inability to participate by Zoom due to no fault of his own affected his ability to represent his client properly and to cross-examine witnesses. The court ordered that the DVO remain in effect pending the new hearing.

On September 18, 2024, the family court conducted a new hearing at which Sommer, Damon, his counsel, and the children's Guardian *Ad Litem* were present. Both parties testified. The court entered a DVO on a Form AOC-275.3, to be effective until September 18, 2027. The court found that Sommer established by a preponderance of the evidence that an act of domestic violence "has occurred and may again occur." The court made additional findings on its corresponding docket sheet as follows:

> Petitioner had a prior DVO against Respondent through Kenton Circuit Court, but same has expired and Petitioner did not mean to allow same to expire.
>
> . . .
>
> On March 22, 2024, Respondent sent a photo of Petitioner's home to her phone while the original DVO was still in place. Respondent has threatened to kill her in the past, and has been violent with her in the past. He has sent her a message that said, "haha I found you," with a picture of her address, and while he denies that the Court does not find his testimony to be credible. Petitioner said that she had not had contact in years from the Respondent, but because of the past violence and instances where Respondent has drive [*sic*] past her

home, or texted a picture of where she lives, she continues to be fearful of Respondent and what he will do to her. Respondent has threatened to kidnap the children in the past and take them to another state. Children have witnessed the domestic violence in the past in the home prior to the issuance of the original DVO. Petitioner is fearful of the Respondent because of the past domestic violence and because he now knows where she lives.

On September 30, 2024, Damon, by counsel, filed a Motion for Reconsideration. Damon argued that Sommer's petition was based upon hearsay statements of Damon's father, who had been committed to Eastern State Hospital; that the officer who took the report was not called as a witness; that the text was sent from the phone of Damon's significant other; and that reference to the prior DVO is irrelevant. By Order entered on December 20, 2024, the court denied Damon's motion as follows in relevant part:

> Under KRS[1] 403.740(1), a Court may issue a domestic violence order after hearing the matter and finding "by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur." KRS 403.720(2)(a) defines domestic violence and abuse as "physical injury, serious physical injury, stalking, sexual abuse, strangulation, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, strangulation, or assault between family members or members of an unmarried couple." In determining whether domestic violence has occurred, the Court must rely upon the evidence presented and its' [sic] assessment of the credibility of the witnesses, which is exactly what this Court did at the

---

[1] Kentucky Revised Statutes.

-4-

hearing. The Court found Petitioner's testimony to be credible in that Respondent had committed domestic violence against her and that it may occur again if the domestic violence order was not entered. Consequently, the Court entered the Domestic Violence Order and upholds that decision today.

Damon appealed. As a preliminary matter, we note that Sommer has not filed a brief. Although we may impose penalties under Kentucky Rule of Appellate Procedure (RAP) 31(H)(3) where the appellee does not file a brief within the time allowed, we retain discretion in electing such an option. *Hamilton v. Milbry*, 676 S.W.3d 42, 44 (Ky. App. 2023). We decline to impose any penalty here.

On appeal, Damon argues that the family court abused its discretion in entering the DVO because there was no proof that he had committed domestic violence as defined in KRS 403.720(2)(a). He contends that although a previous DVO did exist, it had expired.

"Domestic violence and abuse" is defined as "[p]hysical injury, serious physical injury, stalking, sexual abuse, strangulation, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, strangulation, or assault between family members or members of an unmarried couple[.]" KRS 403.720(2)(a).

Domestic violence orders are a statutory creation, their issuance governed by Kentucky Revised Statute (KRS) 403.740. That provision, in relevant part, reads:

"Following a hearing ordered under KRS 403.730, if a court finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur, the court may issue a domestic violence order[.]" KRS 403.740(1). On appeal, we review the trial court's factual findings for clear error, and legal conclusions for abuse of discretion.

*Walker v. Walker*, 520 S.W.3d 390, 392 (Ky. App. 2017). In *Walker*, this Court concluded that the proof "sufficient for the issuance of one DVO can be considered as proof for a subsequent DVO." *Id.*

In the case before us, the family court found that although Sommer had not had contact with Damon for years, he sent a photo of her home to her phone in March 2024 while the prior DVO was still in place; that he had been violent and threatened to kill her in the past; and that Sommer was fearful of Damon "because of the past domestic violence and because he now knows where she lives." Moreover, as was its prerogative, the family court found that Sommer's testimony was credible -- but that Damon's testimony was not. *Bailey v. Bailey*, 231 S.W.3d 793, 796 (Ky. App. 2007) (As fact-finder, family court may believe or disbelieve any part of the testimony presented and is entitled to make its own decisions regarding demeanor and truthfulness of witnesses.).

We are satisfied from our review of the record that the family court's findings of fact are supported by substantial evidence, and we conclude that the

-6-

court correctly applied the law to the facts as found.  We find no abuse of discretion.

Accordingly, we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:               NO BRIEF FOR APPELLEE.

C. Ed Massey
Erlanger, Kentucky